* **AMENDED BLD-117**                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1368
_____

KEITH COLLIER,
                                        Appellant

v.

CORRECTIONAL OFFICER ADAMS; CAPTAIN BLUDWORTH
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil No. 1-09-cv-02232)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 20, 2015

Before:   AMBRO, JORDAN and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 25, 2015)
_____

OPINION[*]
_____

PER CURIAM

        Keith Collier, a federal prisoner proceeding pro se, appeals from an order of the

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

District Court granting summary judgment to the remaining Defendants in this action

brought by Collier pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of

Narcotics, 403 U.S. 388 (1971).   For the reasons that follow, we will affirm.

In 2008, Collier was moved to the Special Housing Unit at USP Allenwood as a

result of a gambling investigation.  When his belongings were packed for the move,

officers found homemade intoxicants and disciplinary proceedings ensued.  In protest,

Collier began a hunger strike on July 4, 2008.  He alleged that Defendant Bludworth

threatened to shut off the water to his cell if he maintained the hunger strike and that

Defendant Adams shut off the water on July 9, 2008.  Running water was restored to his

cell on July 12, 2008.  Collier ended his hunger strike on July 16, 2008.

While he was on the hunger strike, Collier was seen daily by prison medical staff,[1]

who monitored his health and counseled him about the risks of not eating and drinking.

Although water to his cell was turned off for 77 hours at the beginning of the strike, water

was available to Collier in the medical areas, and milk was available at breakfast each

day.  Collier, however, did not ask medical staff (or any other staff) for a drink because

he felt he should not have had to ask.  He did not accept milk at breakfast because he felt

it was like food.  Collier became dehydrated and was given intravenous fluids on two

days prior to the end of his hunger strike.

Collier subsequently filed a Bivens complaint that included allegations that he had

been injured by the deprivation of water to his cell.  The District Court dismissed the

_____

[1] It appears that there was one day during the hunger strike that Collier was not seen
by medical staff:  July 13, 2008, after running water was restored to his cell.

2

majority of Collier's complaint for failure to state a claim upon which relief could be granted, but permitted Collier's Eighth Amendment claim regarding water deprivation to proceed. Bludworth and Adams, the remaining defendants, then moved for summary judgment, which the District Court granted. On appeal, we vacated the grant of summary judgment and remanded for further proceedings because the record was not clear on whether the water deprivation amounted to a violation of the Eighth Amendment. See Collier v. Martinez, 474 F. App'x 870, 874 (3d Cir. 2012). We concluded that there was an unresolved factual dispute regarding whether Collier had access to alternative sources of drinking water during the 77 hours. Id. We further noted that the Eighth Amendment claim would fail if it were shown that Collier had "access to adequate hydration during the period in question, even in conjunction with meals he otherwise did not desire to eat . . . [because] he would not be able to show that the complained-of deprivation was 'sufficiently serious.'" Id. at n.5.

On remand, the parties engaged in additional discovery and filed new motions for summary judgment. The Magistrate Judge recommended that summary judgment be granted in favor of the Defendants, concluding in part that they were entitled to qualified immunity because Collier had failed to establish a violation of the Eighth Amendment. The Magistrate Judge explained that the undisputed facts showed that Collier had access to fluids during the 77-hour period in which the water to his cell was shut off: milk was available every morning and water was available in the medical areas where Collier was seen each day during the period. Collier chose not to drink milk and did not ask medical staff, or any other staff, for water. Moreover, he did not establish that he would have

3

been refused fluids if he asked for them. Nor did Collier show that the Defendants were deliberately indifferent to a substantial risk because they were aware that inmates on hunger strike were treated on regular basis by medical staff to ensure their health and safety. The District Court adopted the Magistrate Judge's report and ordered that judgment be entered in favor of the Defendants. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and, if no substantial question is presented, we may affirm on any ground supported by the record. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6; Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). We review de novo the District Court's order granting summary judgment to the Defendants. See Schmidt v. Creedon, 639 F.3d 587, 594-95 (3d Cir. 2011). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor in determining whether a genuine factual question exists, summary judgment should not be denied unless there is sufficient evidence for a jury to reasonably find for the non[-]movant." Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011) (internal quotation marks and citation omitted).

To determine whether an official is entitled to qualified immunity, a court must decide whether (1) the facts shown by the plaintiff "make out a violation of a constitutional right," and (2) "the right at issue was 'clearly established' at the time of defendant's alleged misconduct." Pearson v. Callahan, 555 U.S. 223, 232 (2009). "If the plaintiff fails to satisfy either prong, the defendant is entitled to judgment as a matter of

4

law." James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012).  For substantially the reasons set forth in the Magistrate Judge's report and the District Court's memorandum opinion, we agree that Collier failed to make out an Eighth Amendment violation and that, as a result, the Defendants were entitled to summary judgment on qualified immunity grounds.

To prove an Eighth Amendment violation, Collier had to show that he was deprived of "the minimal civilized measure of life's necessities . . . [which] includes proving that the deprivation suffered was sufficiently serious, and that a prison official acted with deliberate indifference in subjecting him to that deprivation."  Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997) (internal quotation marks and citation omitted).  Although the water to Collier's cell was shut off for 77 hours, the conditions did not amount to the complete or nearly complete lack of access to fluids that we previously were concerned about.  See Collier, 474 F. App'x at 874.  On the contrary, fluids were available daily, but Collier either refused them or failed to ask for them.  Although he asserted before the District Court that an issue of material fact was in dispute and that summary judgment should not be granted to the Defendants, he failed to specify what fact was in dispute and cite supporting evidence.  This is insufficient under Rule 56, which requires a party who asserts that a fact is genuinely disputed to support that assertion by either citing specific material in the record, or showing that the material cited does not establish the absence of a genuine dispute.  See Fed. R. Civ. P. 56(c)(1).  Therefore, the District Court appropriately rejected Collier's unsupported assertion.

The District Court also reiterated that the following facts undisputed facts were

5

presented by the Defendants:

> Collier's hunger strike began on July 4, 2008 and ended July 12, 2008.[2]  His cell, except for toilet water [which was free of urine], was without water for 77 hours.  During those times, Collier had access to fluids such as milk each morning, and he never asked staff for water or fluids.  He was constantly monitored and evaluated by medical staff during the 77 hours at issue.  Collier was constantly counseled by medical staff regarding the need to be hydrated.  He was given intravenous fluids on two occasions.

Mem. Op. at 4, ECF No. 143.  Under these facts, we agree with the District Court that Collier failed to show that the deprivation of running water in his cell for 77 hours was "sufficiently serious."  Cf. Williams v. Delo, 49 F.3d 442, 446 (8th Cir. 1995) (prisoner held in cell without clothes, mattress, and running water for four days, but who was provided milk which he did not like to drink, did not show that the conditions violated the Eighth Amendment).  Given that the Defendants also established that they were aware that prisoners on hunger strike were monitored daily by medical staff, as Collier was, we also agree that Collier failed to show that they acted with deliberate indifference when they shut off the water to his cell.[3]  Collier has failed to offer any arguments on appeal challenging the District Court's decision.[4]

---

[2] It appears that the District Court confused the date the water was turned back on in Collier's cell, July 12th, with the date he ended his hunger strike, July 16th.  See Report & Recommendation at 18, 21, ECF No. 133; Statement of Facts in Supp. of Defs.' Mot. for Summ. J. at ¶¶ 4, 119, ECF No. 112.

[3] We also note that the administration of intravenous fluids for dehydration occurred days after the water supply to Collier's cell was restored, and Collier did not aver that he suffered any long-term, lasting physical effects from his hunger strike.

[4] The District Court also rejected Collier's challenge to the earlier denials of his motions to appoint counsel and close discovery, which he raised in his objections to the

Accordingly, we will summarily affirm the District Court's order granting

summary judgment to the Defendants. <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Magistrate Judge's report. The court determined that the challenges were untimely and that the Magistrate Judge had properly deemed the motion to close discovery to be withdrawn because Collier did not file a supporting brief. Collier has raised no arguments on appeal regarding this aspect of the District Court's decision.